IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TSQUARE APTS LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| AMLI/BPMT TOWNE SQUARE PARTNERSHIP; AMLI RESIDENTIAL PROPERTIES, L.P.; AMLI RESIDENTIAL PARTNERS LLC; AMLI MANAGEMENT COMPANY; and PENSIOENFONDS METAAL EN TECHNIEK (PMT) f/k/a STICHTING BEDRIJFSPENSIOENFONDS VOOR DE METAAL EN TECHNISCHE BEDRIJFSTAKKEN (BPMT), | § § § § § § § § § § § § | CIVIL ACTION NO. H-16-0873 |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court are the Bill of Costs of AMLI/BPMT Towne Square Partnership; AMLI Residential Properties, L.P.; AMLI Residential Partners LLC; and AMLI Management Company ("the AMLI Defendants") (Docket Entry No. 99); Plaintiff's Objections to AMLI Defendants' Bill of Costs ("Plaintiff's Objections") (Docket Entry No. 100); and Plaintiff's Opposed Motion to Alter or Amend the Judgment ("Plaintiff's Motion") (Docket Entry No. 101). For the reasons stated below, Plaintiff's Motion will be denied and the AMLI Defendants will be given leave to respond to Plaintiff's Objections.

## I. Factual and Procedural Background

Plaintiff TSquare Apts LLC ("TSquare") filed this diversity action to recover alleged damages arising out of its purchase of a multi-family residential apartment complex.[1] After extensive jurisdictional discovery, the court concluded that Plaintiff failed to meet its burden to show that the parties were completely diverse and that the court therefore lacked subject-matter jurisdiction.[2] The suit was dismissed without prejudice and costs were taxed against Plaintiff in a Final Judgment entered on February 10, 2017.[3]

On February 23, 2017, the AMLI Defendants filed a Bill of Costs totaling $15,865.20. Plaintiff filed its Objections on February 28, 2017, followed by its Motion on March 7, 2017. AMLI Defendants responded to Plaintiff's Motion on March 28, 2017.[4]

## II. Analysis

As a preliminary matter, the court concludes that Plaintiff's Motion is untimely. The Fifth Circuit has held that a motion to allocate costs is not a motion to alter or amend judgment under

---

[1] Plaintiff TSquare Apts LLC's First Amended Complaint ("Plaintiff's Amended Complaint"), Docket Entry No. 70, p. 1.

[2] Memorandum Opinion and Order, Docket Entry No. 97.

[3] Final Judgment, Docket Entry No. 98.

[4] AMLI Defendants' Response in Opposition to Plaintiff's Motion to Alter or Amend the Judgment ("Defendants' Response"), Docket Entry No. 102.

Rule 59(e) despite being styled as such. <u>Moody National Bank of Galveston v. GE Life and Annuity Assurance Co.</u>, 383 F.3d 249, 253 (5th Cir. 2004). The question before the court in <u>Moody</u> was "whether a motion to allocate costs, that would otherwise be characterized as a Rule 54(d) motion, becomes a Rule 59(e) motion to alter or amend where the district court awarded costs as part of its final judgment." <u>Id.</u> at 251. The court answered in the negative. <u>Id.</u> at 253. Applying the holding of <u>Moody</u>, the court concludes that Plaintiff's Motion is actually a Rule 54(d) motion.[5] The Motion largely duplicates Plaintiff's Objections, and the only relief sought in the Motion is for the court to reallocate costs.[6]

Rule 54(d)(1) does not provide a deadline to move for costs other than attorney's fees,[7] but the court's local rules provide that "[a]n application for costs shall be made by filing a bill of costs within 14 days of the entry of a final judgment." LR54.2. "Objections to allowance of the bill, the attorney's fees, or both must be filed within 7 days of the bill's filing." <u>Id.</u> Because Plaintiff's Motion was not filed within 14 days of the entry of a final judgment or within 7 days of the AMLI Defendants' Bill of Costs, it is untimely and will be denied.

---

[5]"[A] motion's substance, and not its form, controls." <u>Moody</u>, 383 F.3d at 251 (citing <u>Edwards v. City of Houston</u>, 78 F.3d 983, 995 (5th Cir. 1996) (en banc)).

[6]Plaintiff's Motion, Docket Entry No. 101, pp. 1, 6.

[7]A motion for attorney's fees "must be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i).

In their Response, the AMLI Defendants addressed Plaintiff's Motion but did not address Plaintiff's Objections. Defendants instead requested an opportunity to respond to Plaintiff's Objections to support their Bill of Costs if the court deemed a response necessary.[8] The court is authorized by 28 U.S.C. § 1919 to tax costs in this action. Section 1919 states that "[w]henever any action or suit is dismissed in any district court . . . , such court may order the payment of <u>just costs</u>" (emphasis added). "Just costs" are not delineated by the statute. The court concludes that a response from the AMLI Defendants is necessary in order to determine which costs may be justly taxed against Plaintiff. In their response the AMLI Defendants should address the relationship of "just costs" under § 1919 to the costs provided for in § 1920, whether the costs they seek are recoverable under § 1920, and should address any relevant points raised in Plaintiff's Reply to AMLI Defendants' Response in Opposition to Plaintiff's Motion to Alter or Amend the Judgment (Docket Entry No. 103).

### III. Conclusions and Order

For the reasons stated above, the court concludes that Plaintiff's Opposed Motion to Alter or Amend the Judgment (Docket Entry No. 101) is untimely. The motion is therefore **DENIED**. The court further concludes that it cannot determine which costs can justly be taxed against Plaintiff unless and until the AMLI

---

[8]Defendants' Response, Docket Entry No. 102, p. 2 n.1.

-4-

Defendants respond to Plaintiff's Objections. The AMLI Defendants will have **14 days from the entry of this Memorandum Opinion and Order to respond.**

**SIGNED** at Houston, Texas, on this the 11th day of April, 2017.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE