IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TSQUARE APTS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| AMLI/BPMT TOWNE SQUARE | § | |
| PARTNERSHIP; AMLI RESIDENTIAL | § | |
| PROPERTIES, L.P.; AMLI | § | CIVIL ACTION NO. H-16-0873 |
| RESIDENTIAL PARTNERS LLC; | § | |
| AMLI MANAGEMENT COMPANY; and | § | |
| PENSIOENFONDS METAAL EN | § | |
| TECHNIEK (PMT) f/k/a STICHTING | § | |
| BEDRIJFSPENSIOENFONDS VOOR DE | § | |
| METAAL EN TECHNISCHE | § | |
| BEDRIJFSTAKKEN (BPMT), | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court are Plaintiff's Objections to AMLI Defendants' Bill of Costs ("Plaintiff's Objections") (Docket Entry No. 100) and AMLI Defendants' Response in Opposition to Plaintiff's Objections to Bill of Costs ("AMLI's Response") (Docket Entry No. 105). Plaintiff's objections will be overruled, and costs taxed against Plaintiff, for the reasons stated below.

### I. Procedural Background

Plaintiff TSquare Apts LLC ("TSquare") filed this diversity action to recover alleged damages arising out of its purchase of a multi-family residential apartment complex. After extensive jurisdictional discovery, the court concluded that TSquare failed

to meet its burden to show that the parties were completely diverse and that the court therefore lacked subject-matter jurisdiction.[1] The suit was dismissed without prejudice and costs were taxed against TSquare in a Final Judgment entered on February 10, 2017.[2]

AMLI/BPMT Towne Square Partnership, AMLI Residential Properties, L.P., AMLI Residential Partners, LLC, and AMLI Management Company (collectively, "AMLI Defendants") filed a Bill of Costs totaling $15,865.20.[3] TSquare filed its objections, to which AMLI Defendants have responded.

## II. Analysis

### A. Applicable Law

As stated in the court's earlier opinion, the court is authorized by 28 U.S.C. § 1919 to tax costs in this action. Section 1919 states that "[w]henever any action or suit is dismissed in any district court . . . , such court may order the payment of just costs" (emphasis added). "Just costs" are not defined in the statute. After considering the parties' arguments and determining from the totality of circumstances that an award of costs is warranted, the court looks to 28 U.S.C. § 1920 for guidance in determining the actual amount of "just costs" to award.

---

[1]Memorandum Opinion and Order, Docket Entry No. 97.

[2]Final Judgment, Docket Entry No. 98.

[3]Bill of Costs, Docket Entry No. 99.

See, e.g., Otay Land Co. v. United Enterprises Ltd., 672 F.3d 1152, 1160 (9th Cir. 2012); Callicrate v. Farmland Industries, Inc., 139 F.3d 1336, 1339 (10th Cir. 1998); U.S. ex rel. DeKort v. Integrated Coast Guard Systems, LLC, 2013 WL 1890283, at *3 (N.D. Tex. Mar. 27, 2013). Section 1920 allows for the recovery of, among other costs: (1) fees of the clerk and marshal; (2) fees for printed and electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; and (4) costs of making copies necessarily obtained for use in the case. The enumeration of cost items in § 1920 is not, however, a substitute for determining whether an award of costs is "just" under § 1919. Otay, 672 F.3d at 1160. The determination of whether taxing a cost is "just" lies within the discretion of the district court. Id.

B. Application

TSquare objected to the following portions of AMLI's Bill of Costs: (1) fees for service of summons and subpoena, including fees for $3,966.00 "rush" service of process ($4,679.80 total); (2) transcripts fees including multiple versions of rough transcripts, DVDs of video depositions, finance charges, and depositions taken for discovery purposes ($3,057.27 total); and (3) costs incurred by AMLI to produce or print discovery documents,

-3-

for "electronic data management costs," and for a "trial board" ($8,128.13 total).[4]

TSquare argues that "fees for service of summons and subpoena" are not recoverable because they are not enumerated in § 1920.[5] AMLI Defendants respond that courts have awarded private process servers' fees as analogous to "fees of the clerk and marshal."[6] The Fifth Circuit has, however, limited such awards to "exceptional circumstances." Marmillion v. American International Insurance Co., 381 Fed. App'x 421, 431 (5th Cir. 2010) (citing Cypress Fairbanks Independent School District v. Michael, 118 F.3d 245, 257 (5th Cir. 2010)). "Some courts have found that 'exceptional circumstances' include an inability to locate the party to be served, difficulties in serving process, and a party's refusing service." KBR v. Chevedden, 2011 WL 1696257, *1 (S.D. Tex. Apr. 29, 2011) (citing cases). AMLI Defendants argue that TSquare's unwillingness to accept service on behalf of its member-owners and "gamesmanship during discovery" warrant a finding of exceptional circumstances.[7] The court disagrees. In the absence of exceptional circumstances, courts have held that parties may recover the amount that they would have incurred had the

---

[4]Plaintiff's Objections, Docket Entry No. 100, pp. 6-7.

[5]Id. at 6.

[6]AMLI's Response, Docket Entry No. 105, p. 4.

[7]Id. at 5-6.

-4-

U.S. Marshals effected service. See Baisden v. I'm Ready Productions, Inc., 793 F. Supp. 2d 970, 975 (S.D. Tex. 2011) (citing cases). AMLI Defendants calculate that the minimum costs to have the U.S. Marshals effect service in person in this case would have totaled $1885.00.[8] TSquare has not replied to AMLI Defendants' alternative proposal, but the court finds that total to constitute a just award. TSquare's objection will therefore be overruled.

TSquare objects to AMLI Defendants' transcripts fees relating to two depositions, arguing that AMLI Defendants have not demonstrated that the depositions were taken for the purposes of trial or used in resolving the issue of subject matter jurisdiction.[9] AMLI Defendants respond that § 1920 permits costs for "[f]ees for printed and electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920. AMLI Defendants cite the following persuasive reasoning from the Tenth Circuit:

> We are aware that the realities of litigation occasionally dispense with the need and much of the discovery already taken by the parties, when, for instance, a dispositive motion is granted by the trial court on purely jurisdictional grounds or on grounds other than the merits. At the time that the parties engage in discovery, however, they may not know whether such a motion will be granted or whether they will be

---

[8]Id. at 6-7 (calculated by multiplying twenty-nine subpoenas by $65 per hour or portion thereof for personal service by the U.S. Marshals Service as set out in 28 C.F.R. § 0.114).

[9]Plaintiff's Objections, Docket Entry No. 100, p. 6.

forced to proceed to trial. Hence, caution and proper
advocacy may make it incumbent on counsel to prepare for
all contingencies which may arise during the course of
litigation which include the possibility of trial.

It would therefore be inequitable to essentially penalize
a party who happens to prevail on a dispositive motion by
not awarding costs associated with that portion of
discovery which had no bearing on the dispositive motion,
but which appeared otherwise necessary at the time it was
taken for proper preparation of the case.

Callicarate, 139 F.3d at 1340. The court is persuaded that AMLI Defendants reasonably believed that the depositions at issue were necessarily obtained for use in this case at the time the costs were incurred. TSquare's objection to recovery of transcripts fees and other deposition costs will therefore be overruled.

TSquare objects to what it alleges are impermissible legal costs, including the printing of discovery documents, a "trial board," and "electronic data management costs."[10] AMLI Defendants concede that the "trial board" was included in the Bill of Costs in error, so the amount of $285.78 will be subtracted from the total of $8,128.13 for a new total of $7,842.35.[11] TSquare's objection to the inclusion of the "trial board" is therefore moot. Having reviewed the remaining objectionable invoices,[12] the court concludes that they reflect costs associated with the reproduction of

---

[10]Id. at 7.

[11]AMLI's Response, Docket Entry No. 105, pp. 9-10.

[12]Bill of Costs, Docket Entry No. 99, pp. 39-48, 50-52.

documents as countenanced by the language "[f]ees for exemplification and the costs of making copies" in § 1920 and not impermissible "electronic data management costs." TSquare's remaining objection to AMLI Defendants' printing costs will therefore be overruled.

### III. Conclusion and Order

For the reasons stated above, the court concludes that the Bill of Costs as modified reflects the just costs to which AMLI Defendants are entitled. To the extent that any of the costs taxed against TSquare are beyond the scope of § 1920, the court, in its discretion, finds them to be just. Plaintiff's Objections to AMLI Defendants' Bill of Costs ("Plaintiff's Objections") (Docket Entry No. 100) are therefore **OVERRULED**. AMLI Defendants are entitled to recover costs in the following amounts: (1) fees for service of summons and subpoena - $1,885.00; (2) fees for printed or electronically recorded transcripts - $3,057.27; and (3) fees and disbursements for printing - $7,842.35. These three categories of costs total $12,784.62. TSquare is **ORDERED** to pay this amount to AMLI Defendants.

**SIGNED** at Houston, Texas, on this the 30th day of May, 2017.

　　　　　　　　　　　　　　　　　　SIM LAKE
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE